1

2

**JS-6**

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10

11    SECURITIES AND EXCHANGE
COMMISSION,

12

13                    Plaintiff/Petitioner,

14            v.

15    MICHAEL L. OGBURN,

16                    Defendant/Respondent.

17

Case No. 8:24-mc-00021-DOC-KES

**FINAL JUDGMENT**

18

19

20

21

22

23

24

25

26

27

28

The Plaintiff Securities and Exchange Commission (the "Commission") having applied to the Court for an Judgment pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c) and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by the Respondent, Michael L. Ogburn, ("Ogburn"), with a final Commission order entered against him on August 9, 2019 (the "Commission Order" or "Order").  This Order required Ogburn to pay a civil penalty of $200,000 with additional interest pursuant to 31 U.S.C. § 3717, and injunctive relief; Ogburn having failed to respond to the August 12, 2024 Order to Show Cause (Dkt. No. 7) ordering him to respond by September 9, 2024 and not appearing at the Show Cause hearing on September 23, 2024, and it appearing to the Court that such a Final Judgment should enter, it is hereby:

## I.

**ORDERED, ADJUDGED, AND DECREED** that the Commission Order is enforced.

## II.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Ogburn, as required by the Commission Order, shall pay the civil penalty balance of $200,000 with additional interest pursuant to 31 U.S.C. § 3717, until the entry of Judgment, together with post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of the entry of this Final Judgment.

1
2
3
4

## III.

5      **FURTHER ORDERED, ADJUDGED, AND DECREED**, that Ogburn

6

7 shall cease and desist from committing or causing any violations and any future

8 violations of Section 17(a) of the Securities Act and Sections 10(b) and 15(d) of the

9 Exchange Act, and Rules 10b-5, 12b-20, 15d-1, and 15d-11 thereunder.  Ogburn is

10 also prohibited, for a period of five years from the date of the Commission order,

11

12 from acting as an officer or director of any issuer that has a class of securities

13 registered pursuant to Section 12 of the Exchange Act or that is required to file

14 reports pursuant to Section 15(d) of the Exchange Act; and Ogburn is also barred

15

16 from participating in any offering of a penny stock, including: acting as a promoter,

17 finder, consultant, agent or other person who engages in activities with a broker,

18 dealer or issuer for purposes of the issuance or trading in any penny stock, or

19

20 inducing or attempting to induce the purchase or sale of any penny stock.

21                                          ## IV.

22

23      **FURTHER ORDERED, ADJUDGED, AND DECREED**, that Defendant

24 shall make payment in one of the following ways:

25 (1) Defendant may transmit payment electronically to the Commission, which will

26

27 provide detailed ACH transfer/Fedwire instructions upon request;

28

2

1   (2) Defendant may make direct payment from a bank account via Pay.gov through

2   the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

3   (3) Defendant may pay by certified check, bank cashier's check, or United States

4   postal money order, made payable to the Securities and Exchange Commission and

5   hand-delivered or mailed to:

6
7   Enterprise Services Center
    Accounts Receivable Branch
8   HQ Bldg., Room 181, AMZ-341
    6500 South MacArthur Boulevard
9   Oklahoma City, OK 73169
10

11  Payments by check or money order must be accompanied by a cover letter

12  identifying the Defendant in this action, and the name of this Court and the docket

13  number of this action; a copy of the cover letter and check or money order must be

14  sent to Michael Roessner, Securities and Exchange Commission, 100 F Street, NE,

15  Mail stop 5628, Washington, DC 20549-5628. Upon such payments being fully

16  made, the Commission will provide Defendant with a full satisfaction of judgment

17  and discharge any judgment lien it may have docketed.

18      Amounts ordered to be paid as a civil money penalty pursuant to this Order

19  shall be treated as penalties paid to the government for all purposes, including all

20  tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall

21  not, after offset or reduction of any award of compensatory damages in any

22  Related Investor Action based on Defendant's payment of disgorgement in this

23  action, argue that he is entitled to, nor shall he further benefit by, offset or

3

reduction of such compensatory damages award by the amount of any part of

Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the

court in any Related Investor Action grants such a Penalty Offset, Defendant shall,

within 30 days after entry of a final order granting the Penalty Offset, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to

the Commission. Such a payment shall not be deemed an additional civil penalty

and shall not be deemed to change the amount of the civil penalty imposed in this

Judgment. For purposes of this paragraph, a "Related Investor Action" means a

private damages action brought against Defendant by or on behalf of one or more

investors based on substantially the same facts giving rise to the Commission

Order.

## V.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court,

subject to the foregoing, may order such relief as may be necessary for

enforcement of any order of this Court as to the civil monetary penalty pursuant to

the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

## VI.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Final Judgment.  Post-Judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

**VII.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that, solely for

purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy

Code, 11 U.S.C. §523, the allegations in the Application are true and admitted by

Defendant and further, any debt for civil penalties or other amounts due by

Defendant under this Final Judgment or any other judgment, order, consent order,

decree or settlement agreement entered in connection with this proceeding, is a

debt for the violation of the federal securities laws or any regulation or order issued

under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11

U.S.C. §523(a)(19).

Dated:  September 24, 2024

_David O. Carter_

_____

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

5